United States District Court
Southern District of Texas
**ENTERED**
May 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLCIRIS ASENCIO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-03086 |
| | § | |
| AMERICAS AUTO AUCTION, AND | § | |
| AARON VICTORIAN | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Before the Court is Defendant Aaron Victorian's Motion to Dismiss.[1] ECF

12. For the reasons stated below, the Court RECOMMENDS that Defendant's

Motion be GRANTED and this case DISMISSED.

### I.    Factual and Procedural Background.

Plaintiff Solciris Asencio, proceeding pro se and in forma pauperis, alleges

that she worked for Defendant Americas Auto Auction in the digital department

where her manager was Defendant Aaron Victorian. Plaintiff alleges that during her

tenure at Americas Auto Auction, she accompanied Victorian on business trips as

part of her training. During one of these trips, Plaintiff alleges that Victorian made

unwelcome comments and sexual advances towards her. Plaintiff alleges that

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act,
and Federal Rule of Civil Procedure 72. ECF 15.

Victorian's conduct continued even after she reported his behavior to the general manager.  Ultimately, Plaintiff claims she filed a complaint with human resources ("HR"), which, after investigation, found that no violation of company policy had occurred.  Plaintiff alleges that after she filed a complaint with HR, she was marginalized at the company and later fired by Americas Auto Auction's CFO.

Plaintiff's Complaint neither clearly set out her causes of action nor states the relief she seeks.  *Id.* at 3–4.  Her Complaint invokes both the Court's federal question and diversity jurisdiction.  *Id.* at 3.  Plaintiff lists "sexual assault, wrongful termination, sexual harassment, falsifying information, [and] collusion" as the basis of her federal question jurisdiction.  *Id.*  Plaintiff also attached an EEOC Right to Sue Letter to her Complaint.  *Id.* at 1–2.

Plaintiff filed her Original Complaint on August 16, 2024.  ECF 1.  Plaintiff's right to sue letter is dated April 8, 2024.  ECF 1-2.  On October 7, 2024, Defendant Victorian filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(1).  ECF 12.  Plaintiff filed no brief in opposition.

## II.    Legal Standards.

### A. 12(b)(1).

"[A] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Tsolmon v. U.S.*, Civil Action No. H-13-3434, 2015 WL 5093412, at *5 (S.D. Tex. Aug. 28,

2015) (quoting *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When there is a challenge to the Court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction exists. Id. (citing *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001)). When a defendant moves to dismiss based on the allegations in the complaint alone, those allegations are presumed to be true. *Patterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998).

### B. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."

*Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

2004)). However, the court does not apply the same presumption to conclusory

statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.    Analysis.

Construing Plaintiff's Complaint liberally, and given the attached EEOC

letter, the Court finds she has attempted to bring a federal cause of action under Title

VII in addition to the state law claims she alleges.  Victorian moves for dismissal of

all claims.  Victorian argues for dismissal of Plaintiff's Title VII claims pursuant to

Rule 12(b)(6) because they are time-barred and Title VII does not provide a cause

of action against him in his individual capacity.  He then argues that, absent any

remaining federal claim against him, the Court lacks subject matter jurisdiction and

therefore the remaining state law claims must be dismissed pursuant to Rule

12(b)(1).  Alternatively, Victorian argues that none of Plaintiff's state law claims are

cognizable and also should be dismissed pursuant to Rule 12(b)(6).  Plaintiff has

failed to respond to Defendant's motion.  Pursuant to Local Rule 7.4, a party's failure

to respond to a motion is interpreted as a representation of no opposition.[2]

---

[2] https://www.txs.uscourts.gov/sites/txs/files/LR_August_2023.pdf

### A. Plaintiff's Title VII claims are time-barred because she did not file suit within 90 days of receiving a right to sue letter.

Once a Title VII claimant receives a right to sue letter, she must file suit within ninety days. 42 U.S.C. § 20003-5(f)(1). "The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). The ninety-day filing requirement is "strictly construed." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547 (5th Cir. 2010). "Commencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant." *Garcia v. Penske Logistics, LLC*, 165 F. Supp. 3d 542, 552 (S.D. Tex.) (quoting *Bowers v. Potter* 113 F. App'x 610, 612 (5th Cir. 2004)). When a plaintiff's Complaint fails to state the date the right to sue letter was received, courts presume the letter was received within three to seven days after it was mailed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002)*; See also Stokes*, 367 F. App'x at 547–48 ("When the plaintiff does not assert that she received her notice on a specific date, we may presume that she received it between three and seven days after it was mailed.").

Plaintiff's EEOC right to sue letter attached to her Complaint is dated April 8, 2024. ECF 1-2. Plaintiff's Complaint fails to allege the date on which she received the right-to-sue letter. Thus, the Court will presume that she received the letter April 15, 2024, at the latest, which in turn required her to file suit on or before

July 15, 2024.[3]  Plaintiff signed and dated her Complaint on July 1, 2024.  ECF 1 at 5.  However, Plaintiff did not file her Complaint until August 16, 2024.  *Id* at 1. Therefore, with respect to *both* Defendants, Plaintiff did not timely file her Complaint with respect to her Title VII claims.

The presumption that Plaintiff received the right to sue letter within seven days of April 8, 2024, can be overcome by Plaintiff's production of "some evidence demonstrat[ing] that she did not receive the [right to sue] letter within the allotted time..." *Garcia*, F. Supp. 3d at 553 (citing *Morgan v. Potter*, 489 F.3d 195, 197 n.1 (5th Cir. 2007).  Further, "the ninety-day filing requirement is subject to equitable tolling." *Harris*, 628 F.3d at 239.  Plaintiff has the burden to prove that equitable tolling should apply.  *Garcia*, F. Supp. 3d at 554–55 (citing *Wilson v. Sec'y, Dept of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)).[4]  Plaintiff has alleged no facts to either rebut the seven-day presumption or support equitable tolling.  In addition, Plaintiff failed to file any response to Defendant Victorian's Motin to Dismiss which argues that her claims are time-barred for failure to file suit within ninety days of

---

[3] Ninety days from April 15, 2024, falls on Sunday July 14, 2024.  Thus, Plaintiff's deadline was Monday, July 15, 2024.  FED. R. CIV. P. 6(a)(1)(c) ("...but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[4] There are three non-exhaustive circumstances that may justify equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of defendant's intentional concealment of them; and (3)n the EEOC's misleading the plaintiff about the nature of her rights." *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

receiving a right to sue letter.  Plaintiff has failed to rebut the presumption that she received the right to sue letter by April 15, 2024.

Defendant Americas Auto Auction has not filed a motion to dismiss Plaintiff's Title VII claim based on the statute of limitations.  Therefore, dismissing Plaintiff's claims against Americas Auto Auction would require the Court to act *sua sponte*. "A district court may dismiss a complaint for failure to state a claim on its own motion as long as the procedure is fair." *Miller v. Sam Houston State University*, 986 F.3d 880, 888 (5th Cir. 2021).  The Fifth Circuit does not apply a bright line rule, but "fairness in this context requires both notice of the court's intention and an opportunity to respond." *Id.*  Accordingly, during the fourteen-day objection period noted below, Plaintiff may submit facts to the Court either demonstrating she received her right to sue letter on a date that would place her Original Complaint within the ninety-day filing deadline or that equitable tolling of the statute of limitations should apply.  *Sua sponte* dismissal of Plaintiff's claims is fair here because Plaintiff has been given an opportunity to plead her best case and this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention and provides Plaintiff fourteen days to file an objection and explain why the case should be allowed to proceed. See *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (District Judge did not abuse his discretion by adopting Magistrate Judge's recommendation to dismiss plaintiff's case *sua sponte*).

**B. Assuming Plaintiff's Title VII claims are dismissed as time-barred, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against both Defendants.**

Although Plaintiff's Complaint invokes both federal question and diversity jurisdiction, it alleges that all parties are citizens of Texas. ECF 1 at 1–2. Absent complete diversity of citizenship, no diversity jurisdiction exists. 28 U.S.C. § 1332. Thus, the Court has original jurisdiction only over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331. However, as discussed above, absent a rebuttal within fourteen days of the presumptive date on which Plaintiff received her right to sue letter or circumstances justifying equitable tolling, Plaintiff's Title VII claims are time-barred. Thus, no federal claims will remain in this case.

Under these circumstances, the Court could choose to exercise supplemental jurisdiction over Plaintiff's state law claims. In deciding whether to exercise or decline supplemental jurisdiction over Plaintiff's remaining state law claims, the court considers the factors in § 1367(c) and "common law factors such as judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial …" *Id.* at 602; *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over

which it has original jurisdiction ...").  Because Plaintiff's Title VII claims against all Defendants are time-barred and should be dismissed, all claims over which the Court has original jurisdiction have been eliminated.  Further, the remaining claims involve only Texas state law, and the Court has not invested any resources beyond ruling on the instant motion and a brief discovery dispute.  The Court finds that an exercise of supplemental jurisdiction over Plaintiff's state law claims is not warranted in this case.  The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and they should be dismissed for lack of jurisdiction.

### IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant Aaron Victorian's Motion to Dismiss (ECF 12) be GRANTED and this case DISMISSED.  As noted above, that Plaintiff has fourteen days to present allegations or evidence demonstrating that her Title VII claims are not time-barred or that she is entitled to equitable tolling to avoid dismissal of her Title VII claims.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.


Signed on May 19, 2025, at Houston, Texas.


Christina A. Bryan
United States Magistrate Judge